Dear Mr. Hessick:
You present the following question for our review:
 May a pregnant, unmarried, unemancipated minor validly consent to her own prenatal care, including necessary medical treatment and care through labor and delivery?
Our response is in the affirmative. R.S. 40:1095 provides:
 § 1095. Medical Treatment
 A.(1) Consent to the provision of medical or surgical care or services by a hospital or public clinic, or to the performance of medical or surgical care or services by a physician, licensed to practice medicine in this state, when executed by a minor who is or believes himself to be afflicted with an illness or disease, shall be valid and binding as if the minor had achieved his majority. Any such consent shall not be subject to a later disaffirmance by reason of his minority.
 (2) A minor may consent to medical care or the administration of medication by a hospital licensed to provide hospital services or by a physician licensed to practice medicine in this state for the purpose of alleviating or reducing pain, discomfort, or distress of and during labor and childbirth. The manner of administration of medications includes but is not limited to intravenous, intramuscular, epidural, and spinal. This consent shall be valid and binding as if the minor had achieved her majority, and it shall not be subject to a later disaffirmance by reason of her minority.
 B. The consent of a spouse, parent, guardian, or any other person standing in a fiduciary capacity to the minor shall not be necessary in order to authorize such hospital care or services or medical or surgical care or services or administration of drugs to be provided by a physician licensed to practice medicine to such a minor.
 C. Upon the advice and direction of a treating physician, or, in the case of a medical staff, any one of them, a physician or member of a medical staff may, but shall not be obligated to, inform the spouse, parent or guardian of any such minor as to the treatment given or needed, and such information may be given to, or withheld from the spouse, parent or guardian without the consent and over the express objection of the minor.
 D. No hospital and no physician licensed to practice medicine in this state shall incur civil or criminal liability in connection with any examination, diagnosis and treatment authorized by this section except for negligence. (Emphasis added).
In Louisiana, minors are permitted to consent to "any medical or surgical care or services" in connection with "an illness or disease" which the minor believes himself to have or by which he is actually afflicted. We find the language of the statute broad enough to mean that "medical services" can encompass prenatal care. In fact, the consent of the minor for prenatal care is congruent with the clear intent of the legislature to allow the minor to consent to medical services associated with labor and childbirth. To construe the statute otherwise (i.e., the minor can agree to medical care while in childbirth, but not before) would, in our opinion, reach a nonsensical result.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: November 29, 2001